Dear Mayor Dean:
This office is in receipt of your recent correspondence wherein you advised that in a recent audit the Legislative Auditor has determined that the Town of Homer is not in compliance with the Town's own sales tax ordinance, and should begin depositing its sales tax revenues in separate, as opposed to commingled, accounts. It is our further understanding that the Auditor has advised the Town to cease using dedicated sales tax revenues for purposes other than those for which they have been dedicated.
In connection with your request, we have reviewed your letter, as well as a report of the Legislative Auditor regarding the Town of Homer, dated October 22, 2003 (the "Auditor's Report").
As we understand your letter and the Auditor's Report, the Town of Homer collects two sales taxes; a 1985 sales tax dedicated to streets, police, fire and recreation, and a 1971 sales tax dedicated for industrial development facilities. The sales tax revenues generated by these taxes are being deposited in a master bank account and commingled with other town funds, including the General Fund, Special Revenue Funds and the Utilities and Sanitation Fund. This practice is in violation of the Town of Homer's Ordinance Number 601, adopted on August 19, 1971, which requires all sales tax revenues to be deposited in a separate bank account.
Additionally, once deposited in the master bank account, at least a portion of the sales tax revenues are being spent and/or borrowed to cover deficits or shortages in the Utilities and Sanitation Fund and/or the General Fund. According to the Auditor's Report, the Utilities and Sanitation Fund has maintained a significant negative cash balance within the master bank account for several years. The Town has been "covering" this negative cash balance with the positive cash balances maintained by the General and Special Revenue Funds (including the revenues generated by the 1985 sales tax) which are also deposited in the master bank account.
The laws of the State of Louisiana provide that the proceeds of sales and use taxes must be utilized solely in accordance with the will of the electorate, as set forth in the proposition approved by the voters. LSA-R.S. 33:2723; LSA-R.S. 33:2714; LSA-R.S. 39:704. In accord Attorney General's Opinions Nos. 03-0157, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50. Most pertinently, LSA-R.S 39:704
provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
With regard to the above, your letter states:
 "The Legislative Auditor has advised that the Town should separate these accounts. We have been threatened by two lawsuits if this is not done and we use anymore of the restricted funds to cover the deficits in the General Fund and the Enterprise Fund. At a recent Board meeting two members of the Board voted to separate the accounts and the other three against. These three members feel that due to the current financial condition of the Town, we could not operate and would be forced to close the doors if this is done. The other two Board members and myself are fearful that if we do not separate these accounts, the Town will be sued and we could possibly go to jail. We are asking for you to please advise us of your opinion on this matter."
Respectfully, it would be our advice that the Town and its Board of Selectmen follow the law as set forth in the Town's own ordinances, and as required by the laws of the State of Louisiana, referenced above, in connection with both the deposit, and the use of, sales tax revenues collected by the Town.
In addition to the provisions of law cited above, we call your attention to LSA-R.S 42:1461(A), which requires all public officials to administer public funds and property entrusted to them for public purposes and as a fiduciary. Attorney General's Opinion Nos. 03-0393 and 90-504. LSA-R.S. 42:1461 imposes a personal obligation upon public officials and employees and prohibits them from misappropriating, misapplying, converting, or misusing any funds or property under the custody of the public entity in the office or employment is held. The breach of this obligation gives rise to an action in favor of the public entity for the recovery of such funds or property, and for damages resulting from the breach.
We caution the Town's officials that LSA-R.S. 42:1461(A) is broadly written, and may be violated by officials who participate in, or allow, the misappropriation of dedicated sales tax revenues for purposes other than the purposes for which the taxes are being levied.
With regard to the possibility of lawsuits being brought against the Town or its officials, we have no comment, as it is against the policy of this office to opine upon existing or imminent litigation. With regard to the possibility of any criminal charges being brought against you and the Town's other officials, we respectfully suggest that you discuss these matters with the District Attorney.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
xc: Grover C. Austin First Assistant Legislative Auditor